## ROBERTS *v.* ROBERTS *et al.*

The verdict was not supported by the evidence, and the court erred in refusing to grant a new trial upon that ground.

FEBRUARY 13, 1912.

Action for accounting, etc.   Before Judge Hammond.   Burke superior court.   January 1, 1911.

*Crum & Jones,* for plaintiff in error.

*C. B. Garlick* and *E. L. Brinson,* contra.

BECK, J.   Mrs. M. E. Roberts, the widow of W. A. Roberts Sr., and W. M. Fulcher, as guardian for James, Susie, Willie, and Ethel Roberts, minor children of W. A. Roberts Sr., brought a petition for accounting and settlement against W. A. Roberts Jr., the administrator of W. A. Roberts Sr., in the court of ordinary of Burke county, Georgia.   The administrator made answer; and after trial and judgment, the case was appealed to the superior court.   The administrator answered that he had completely and legally disposed of all the estate left by his intestate, and that there was no money, property, or effects belonging to said estate in his hands as such administrator.   The jury returned the fol-

lowing verdict: "We, the jury, find for the widow the amount of insurance policy, less the premiums paid on same and the premium due for the unexpected [unexpired] year." Thereupon it was adjudged that the plaintiffs recover of the defendant, W. A. Roberts Jr., the sum of $3,000 principal debt, $297 interest to judgment, and all costs of court. The court overruled a motion for a new trial, and the defendant excepted.

The finding of the jury in this case and the judgment of the court was for the amount of an insurance policy issued by the Franklin Life Insurance Company, of Springfield, Ill., upon the life of the intestate of the defendant. There was some conflicting evidence as to the liability of the administrator to account for certain personal property which had gone into his hands, other than the insurance policy referred to. The finding of the jury seems to be in favor of the defendant's contention that he had accounted for the personal property referred to, and the verdict returned is based upon the contention that the plaintiffs were entitled to recover the proceeds of the life-insurance policy, less certain premiums.

We are satisfied, after an examination of the evidence in the record, that the verdict is not supported by the evidence. The defendant's intestate, as appears from the uncontradicted evidence, at the time of his death was indebted upon a promissory note to the defendant in the sum of $4,000; and it also appears from the uncontradicted evidence that the policy of insurance had been transferred to him as collateral security for the payment of the indebtedness of the intestate to the defendant, who became the administrator of the former. There is not, so far as we can discover, any evidence in this record impeaching the validity of the note representing the indebtedness of W. A. Roberts Sr. to W. A. Roberts Jr. It is true, as appears from the evidence, that the note had been given to the payee for an interest in a business in which the decedent and the defendant in this case were partners; and in the course of his testimony the defendant undertook to show that in the conduct of the enterprise or business in which they were interested as partners certain losses had occurred, and it is insisted in the argument of counsel that this testimony of the defendant was so vague, indefinite, and unsatisfactory that the jury, especially in view of other testimony in the case which tended to show that the defendant had not suffered all the losses claimed by him, could in·

.fer that the note did not represent any valid indebtedness of the maker to the payee. But after all the evidence in regard to the losses in the business referred to is considered and the view thereof most favorable to the plaintiffs' contention is taken, nothing is .found impeaching the validity of the note referred to. If that note was invalid for any reason,—if it did not bona fide represent an indebtedness of the maker to the payee, the burden was upon the plaintiffs to show wherein or to what extent the note was invalid or unenforceable. This burden, so far as we can discover from reading the record, the plaintiffs failed entirely to carry; or, to speak more exactly, they did not attempt to carry it. It can serve no useful purpose to set forth, literally or in substance, the evidence contained in this voluminous record; but it is adjudged that the evidence did not support the verdict, and that the court erred in refusing to grant a new trial upon that ground.

*Judgment reversed. All the Justices concur, except Hill, J., not presiding.*